IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY BOYKIN | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-16-3474 |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

### MEMORANDUM

Anthony Boykin, Petitioner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 ("Petiton"). ECF 1. Petitioner, who awaits a parole revocation hearing, claims he is entitled to release from detention and bases that claim on a Maryland regulation requiring a revocation hearing within 60 days of being detained on a parole retake warrant. ECF 1. The Code of Maryland Regulations ("COMAR") provides:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, *except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated*. This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

COMAR 12.08.01.22.F(2)(A) (emphasis supplied).

It is unclear from the Petition as presented whether Boykin, who is currently confined at Patuxent Institution, is being held solely on the basis of the retake warrant issued by the Maryland Parole Commission. If the parole retake warrant is not the sole document under which Petitioner is currently detained and he is also incarcerated for service of a new sentence, the 60 day hearing requirement is inapplicable. Even if the parole retake warrant is the sole reason

Petitioner is currently confined, the Petition is subject to dismissal.

To the extent Petitioner seeks an Order requiring his release from detention, the claim is a matter of state law and must first be presented to the state court for review before federal habeas relief may be granted. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.").

Thus, before filing a federal habeas petition, Petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

To the extent Petitioner is seeking an Order mandating the Maryland Parole Commission to provide him with a parole revocation hearing, this Court does not have jurisdiction to grant mandamus relief in this instance. Under 28 U.S.C. §1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. But, this mandamus jurisdiction does not apply to state employees, such as the Maryland Parole Commission. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Petitioner will be provided an opportunity to provide additional information regarding his claim and whether he has exhausted the claim through the state courts.  He is forewarned that failure to file a supplemental petition, using the forms provided by the Clerk, will result in dismissal of the Petition, without prejudice, and without further notice from the court.

An Order follows.


Date:   October 25, 2016                         _____/s/_____
                                                Ellen L. Hollander
                                                United States District Judge